IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GRAYSON FINANCIAL AMERICA, INC.,**

      Plaintiff,

      v.                                           CIVIL ACTION NO. 2:05cv461

**ARCH SPECIALTY INSURANCE COMPANY,**
**KURT KESLER,**
**FRED K. KESLER & ASSOCIATES, INC. d/b/a KESLER & ASSOCIATES, and**
**KESLER ASSOCIATES,**

      Defendants.

*MEMORANDUM OPINION & ORDER*

Before the Court is the Motion of Dismiss by Defendant Fred K. Kesler & Associates. Oral argument is unnecessary as it will not aid the Court's decisional process. The Court has considered the memoranda of the parties and these motions are now ripe for decision. For the reasons set forth below, Defendant Kesler & Associates' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, Grayson Financial America, Inc. ("Plaintiff") is a Virginia corporation that bundles and sell loan portfolios comprised of automobile loan contracts to loan purchasers ("Loan Purchasers"). Defendant Arch Specialty Insurance Company ("Arch") is a Wisconsin corporation that issues insurance policies and has its principal place of business in New York. Arch is authorized to do business in Virginia as a surplus lines carrier. Defendant Fred K. Kesler

& Associates ("Kesler") is a California corporation that works as an agent for insurance policies underwritten by Arch.

In 2003, Grayson purchased a policy of insurance, known as the Default Program ("Default Program"), from Arch through Kesler.  Kesler and Arch designed the Default Program which insured Grayson against loan defaults for loans in its loan portfolios.  Under the Default Program, the net written premium for each vehicle loan was $1,000 and each loan was insured up to $25,000.  Fred Kesler was the administrator of the Default Program and fielded questions from loan purchasers concerning its terms and effect prior to Grayson's sale of its loan portfolios.  The Default Program was initiated on August 18, 2003 and August 18, 2004.

After the Default Program was in effect, and at the time of renewal, Arch required Grayson to execute endorsements, titled "ASIC-ZL-ALLE (7/03)" and "ASIC-ZL-ALLE (8/04)" ("Endorsements").  On September 29, 2004, Grayson and Arch executed another agreement ("Agreement") which was drafted by Arch.

On or about February 8, 2005 and February 9, 2005, Arch issued letters of cancellation of policy to the Loan Purchasers.  Arch additionally sent an undated letter of cancellation to Grayson.  Most of the Loan Purchasers have since assigned their contract rights to Arch.

On April 25, 2005, Plaintiff filed a Motion for Judgment in the Circuit Court of the City of Virginia Beach, Virginia.[1]  Plaintiff did not serve defendants with notice of the motion for judgment.  On August 2, 2005, Kesler waived service of process and timely filed a Notice of

---

[1]Arch had previously filed a separate action against Plaintiff and the Loan Purchasers arising out of the same series of transactions.  The suit is ongoing and is entitled *Arch Specialty Insurance Company v. Grayson Financial America, Inc. et al.*, Chancery No. CH05-599 in the Circuit Court of the City of Virginia Beach, Virginia.

Removal to this Court based on diversity jurisdiction. On July 27, 2005, Plaintiff filed a Motion to Transfer and Amend its original motion for judgment.[2]

On August 10, 2005, Plaintiff filed an Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15.1. On August 30, 2005, Arch filed its Answer to the Amended Complaint, Third Party Complaint and Counterclaim.[3]

On September 2, 2005, Kesler filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim. Plaintiff filed a Response on September 16, 2005. This matter is now ripe for determination by the Court.

## II. LEGAL STANDARDS

**A. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Courts must assume that the facts alleged in the plaintiff's complaint are true. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to

---

[2]In its Amended Complaint, Plaintiff concedes to removal of this action to the Eastern District of Virginia and accordingly its Motion to Transfer and Amend is **MOOT.**

[3]On August 11, 2005, Arch filed an Answer to Plaintiff's Motion for Judgment. On August 26, 2005, Arch filed a Motion to Withdraw Pleading and Memorandum in Support Thereof seeking to withdraw its Answer and Affirmative Defenses filed in response to Plaintiff's original Motion for Judgment. Arch did not receive Plaintiff's Amended Complaint until after its Answer was filed. Accordingly, the Court **GRANTS** Arch's Motion to Withdraw Pleading.

dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)). A plaintiff's misconception or mislabeling of the proper legal theory of the claim is not grounds for dismissal; a court must look to any legal theory supported by the facts alleged, so long as the plaintiff's complaint gives fair notice of the claim and the grounds upon which it rests. *Williams v. New Castle County*, 970 F.2d 1260, 1265-66 (3d Cir. 1992); *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979); *Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th Cir. 1975); *Dostchay v. Nat'l Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957); *Simmons v. Cmty. Serv. Providers, Inc.*, 847 F.Supp. 351, 352-53 (E.D. Pa. 1994).

If matters outside the pleading are presented by the moving party and not excluded by the Court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b). If a motion to dismiss is converted to a motion for summary judgment, the Court must give all parties "a reasonable opportunity to present all material made pertinent by such a motion." FED. R. CIV. P. 12(b). The moving party's attachment of additional materials to the motion to dismiss does not automatically convert the motion to one for summary judgment; the Court must accept and consider those additional materials before a conversion is required. *Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991). However, the Court may consider any document attached to the motion to dismiss by a defendant when "a plaintiff fails to introduce a pertinent document as part of his complaint" and the document is "one of unquestioned authenticity." *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995), *aff'd on other grounds*, 103 F.3d 351 (4th Cir. 1996); *accord Darcangelo v. Verizon*

*Communications, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) (noting that when a plaintiff relies upon an agreement in his complaint, the court may consider the agreement in ruling on a motion to dismiss); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994); *Parrino v. FHP, Inc.* 146 F.3d 699, 705-06 (9th Cir. 1998) ("A district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'") (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

### III.  DISCUSSION

Plaintiff's Amended Complaint contains nine counts: Count I alleges breach of contract; Count II alleges conversion; Count III alleges intentional interference with a contract; Counts IV and V seek declaratory relief; Count VI alleges conspiracy to induce a breach of contract; Count VII alleges conspiracy to harm reputation and profession; Count VIII alleges statutory conspiracy to injure another in trade, business or profession; and Count IX alleges misappropriation of trade secrets and unjust enrichment.  Kesler's Motion to Dismiss seeks dismissal of Counts I, III, VI, VII, and VIII for failure to state a claim.  Plaintiff has consented to the Kesler's dismissal of Count I.  (Mem. Opp. Def. Kesler Mot. To Dism. ("Pl's Opposition") at 3).  Accordingly, Count I, as to Kesler, is **DISMISSED**.

**A. Conspiracy Claims**

Kesler argues that Counts VI, VII, and VIII must fail because there can be no conspiracy between a principal and its agent.  Under Virginia law, a conspiracy must consists of "a combination of two or more persons." *Fox v. Deese*, 234 Va. 412, 428, 362 S.E.2d 699, 708 (1987).  A principal and agent are considered one entity and "an entity cannot conspire against

itself." *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 317, 485 S.E.2d 140, 144 (1997).

In its Amended Complaint, Plaintiff has argued that Kesler was an agent of Arch. Therefore for conspiracy purposes, Kesler and Arch constitute one entity. *Id.* However, Plaintiff also argues that Kesler was a separate actor in the conspiracy and acted outside the scope of the relationship. (Am. Compl. ¶ 55, 61). If an agent acts outsides the scope of the agency relationship, the agent is considered a separate actor for the purposes of the conspiracy. *Fox*, 234 Va. at 428-29, 362 S.E.2d at 708-09. Plaintiff has sufficiently alleged that Kesler was acting outside the scope of the agency relationship in furtherance of the conspiracy. Accordingly, Kesler's Motion to Dismiss as to Counts VI, VII, and VIII is **DENIED**.

**B. Tortious Interference**

Kesler argues that the only duties owed to Plaintiff arise from the contract between Arch and Plaintiff and are properly argued as breach of contract. Accordingly, Kesler argues that Counts III, VI, and VII should be dismissed because Plaintiff may not state a cause of action in tort when the proper cause of action arises under contract.

However, Plaintiff's Amended Complaint alleged tortious interference with its contractual relationship with the Loan Purchasers. Under Virginia law, there is a right of action for tortious interference of contract against "[o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract." *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985) (quoting Restatement (Second) Torts § 766 (1977)). Plaintiff has sufficiently alleged that Kesler undermined and interfered with the relationship between Plaintiff and the Loan Purchasers. (Am. Compl. ¶¶ 78-82). Accordingly, Kesler's Motion to Dismiss as to Counts III, VI, and VII is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Kesler's Motion to Dismiss as to Count I is **GRANTED.**

Kesler's Motion to Dismiss as to Counts III, VI, VII, and VIII is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

                                               /s/
                                RAYMOND A. JACKSON
                                UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 6 , 2006